UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
ITAL BROKERS S.p.A. on its own behalf     :
and as brokers and agents for                      :
Grimaldi Group S.p.A.,                                :     Case No.1: 24-cv-21614
                                                                    :
              Plaintiff,                           :
                                                                    :
  - against -                                               :
                                                                    :
REDBRIDGE INSURANCE                            :
COMPANY LTD                                         :
                                                                    :
              Defendant.                         :
-------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, ITAL BROKERS S.p.A on its own behalf and as brokers and agents for Grimaldi Group S.p.A. ("Plaintiff" or "ITAL BROKERS"), by and through its attorneys, Tisdale & Nast Law Offices, LLC, as and for its Verified Complaint against the Defendant, REDBRIDGE INSURANCE COMPANY LTD ("Defendant" or "RICL"), alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 since the claim for which security is sought arises out of a marine insurance policy evidenced by Cover Note GRIM/AF/BC/2021, the breach of which gives rise to a maritime claim.

2.    As will be discussed more fully herein, Plaintiff has demanded payment of the amounts owed pursuant to the insurance policy. However, to date, Defendant has refused to honor its obligations thereunder and is now in breach.

3. A true copy of the Cover Note is attached as **Exhibit 1** to the supporting declaration of Daniela Tasso and will be specifically discussed *infra*.

4. Venue is proper in this District because there is or will be during the pendency of this action property due and owing to or held for the benefit of the Defendant within this District and in the hands of a non-party garnishee, namely FirstBank Florida located in Coral Gables, FL, within this Judicial District.

5. It is believed that non-party Garnishee FirstBank Florida may be holding Defendant's property (which is subject to this maritime attachment) within this District since, in the past, Defendant has requested that Plaintiff, through the chain of brokers, send insurance premium payment to an account at this bank which is held in the name of non-party Redbridge Group, LLC located in Coral Gables, FL, which leads Plaintiff to believe that Defendant's property is or may be located in this bank.

## PARTIES

6. Plaintiff ItalBrokers is a foreign corporation organized and existing under the law of Italy with a registered office in Milan and principal place of business in Genoa, Italy. At all material times, Ital Brokers was acting as broker and agent for its insured the Grimaldi Group S.p.A. ("Grimaldi") and Grimaldi's subsidiaries and affiliated companies identified in **Exhibit 1** to the Tasso Declaration and is duly authorized to bring this Action. Plaintiff also brings this action on behalf of and as the trustee for any other entities who may have an interest in the proceedings, as their interests may appear.

7. Upon information and belief, Defendant RICL is a corporate entity organized under the laws of Barbados with its principal place of business at St. James House, 2nd Street Holetown,

St. James, Barbados. RICL is not authorized or registered to do business within the State of Florida.

8. According to its own webpage, RICL's "products are not offered in the USA." (**Exhibit 3** to Nast Declaration). In its promotional material sent to Plaintiff (**Exhibit 2** to Tasso Declaration), RICL identifies itself as a wholly owned subsidiary of Redbridge Holding, Inc. ("Redbridge Holding") which is understood to be a business organization incorporated in Puerto Rico. The promotional material shows no direct parent and subsidiary connection between RICL and Redbridge Group of Florida, Inc.

9. On its website, RICL advertises that it is 100% subsidiary of Redbridge Holding, LLC of Puerto Rico and that it is an owner of Redbridge Group, LLC ("Redbridge Group") of Florida. (**Exhibits 3, 4** to Nast Declaration). According to the Florida Department of State Division of Corporations' records, Redbridge Group, LLC is a Florida LLC, which merged in 2021 with Redbridge Group of Florida, LLC, Redbridge Network & Healthcare, LLC and Redbridge Solutions, LLC. Redbridge Group's listing with the Florida Department of State, Division of Corporations (**Exhibit 2** to Nast Declaration) identifies Redbridge Group as having its principal place of business at 1300 Ponce de Leon Blvd., Suite 103, Coral Gables, Florida. RICL is identified as a member of Redbridge Group from its Barbados office, the other member being Edmond Santiago at the Redbridge Group address. The Redbridge Group authorized representative is Laurie Weil from the Redbridge Group address. *See* also Declaration of Timothy J. Nast, **Exhibit 2**.

### DEFENDANT'S BREACH OF MARINE INSURANCE POLICY

10. This dispute arises out of RICL's breach of a marine hull and machinery insurance policy evidenced by Cover Note GRIM/AF/BC/ 2021 and is brought in the name of Plaintiff

ItalBrokers in their role as brokers and agents for their insured, the Grimaldi Group and as trustee of any other third party with an interest in the outcome of the dispute.

11. Under the policy, RICL agreed to accept 7.750% of the risk under the policy for the policy's term.

12. During the coverage period, RICL was obligated to pay its portion of an indemnity of EUR 609,173.18 (approximately $661,147.84) plus interest to the Grimaldi Group in connection with a covered claim under the policy. Defendant failed to pay its portion of the claim.

13. Further, given that RICL has failed to cover its portion of insurance payments, Plaintiff has had to disburse EUR164,847.00 (approximately $178,911.75) in favor and in the interest of Grimaldi.

14. Finally, as of the time of filing this Verified Complaint, RICL's share of open and pending claims total EUR 646,474.24 (approximately $701,631.42).

15. Given Defendant's failure to pay undisputed indemnities owed under the policy, Plaintiff has good reason to suspect that Defendant will not pay these open and pending claims.

16. Plaintiff has made demand upon Defendant for payment of the indemnities, but Defendant has refused to meet its obligations under the policy.

17. While acknowledging its obligations under the policy, RICL has claimed that it was fully reinsured for any amounts it needed to pay under the policy and that RICL's reinsurer has not paid it.

18. This proffered excuse does not permit an insurer like RICL from paying undisputed amounts owed under the policy.

19. As a result, Defendant has breached the marine insurance policy evidenced by Cover Note GRIM/AF/BC2021. **Exhibit 1** to Tasso Declaration.

20. The Cover Note incorporates the terms and conditions of the Nordic Marine Insurance Plan of 2013, Version 2019, which provides that disputes under the policy will be resolved in the courts of Norway. Suit will be instituted there by Plaintiff as soon as security is obtained.

21. On the 1st of February 2024 Plaintiff's Italian counsel requested RICL's broker to issue the details of the bank account "that received premiums and issued indemnities under the Cover Note" on behalf of RICL in order to ascertain the final destination of the premium funds The Broker stated that RICL has a bank account used for the above purposes held at FirstBank Florida, 9795 South Dixie Hwy, Miami, FL 33156 in the name of the Redbridge Group, LLC. (**Exhibit 1** to the Verified Complaint).

22. As a result of these instructions by the Defendant's Broker, Plaintiff believes that funds are being held for the benefit of RICL at FirstBank Florida.

## RULE B MARITIME ATTACHMENT

23. Given the factual background set out above, Defendant is liable in damages to pay the following sums to Plaintiff:

| | | |
|---|---|---|
| A. | Indemnities Owed to the Insured<br>(EUR 609,173.18 )<br>Of which EUR 164,847.00 disbursed by Plaintiff | USD   661,147.84 |
| B. | Estimated Open Claims as of March 13, 2024<br>(EUR 646,474.24 ) | USD   701,631.42 |
| C. | Total Principal Claim: | USD   1,362,779.26 |
| D. | Interest at 6% for three years | USD   266,584.39 |
| D. | Legal fees | USD   200,000.00 |
| **TOTAL** | | **USD**   1,829,363.65 |

24.     Per direction from Defendant's Broker, Plaintiff sent premium down the brokerage chain, ultimately being deposited to the Redbridge Group, LLC bank account in Miami, FL.

25.     Based upon this information, Defendant has or will have assets or property at FirstBank Florida in this District.

26.     Upon information and belief, non-party Garnishee FirstBank Florida has an office and place of business within this Judicial District at 9795 South Dixie Hwy, Miami, FL 33156. Based on this information, it is believed that Defendant has or will have property in this District.

27.     Upon information and belief, Garnishee FirstBank Florida holds property belonging to Defendant in this District.

28.     Plaintiff seeks security for its claims against Defendant.

29.     Although Defendant's subsidiary company Redbridge Group is believed to be present in Florida, Defendant RICL, a Barbados entity, cannot be found within the District within the meaning of Supplemental Admiralty Rule B.  Plaintiff has filed herewith a Memorandum of Law and detailed Declaration which addresses this issue and the efforts undertaken by Plaintiff to locate Defendant within this District.

30.     As stated on its website, Defendant's subsidiary Redbridge Group, LLC maintains an office in Coral Gables, FL.  Other than its subsidiary, Defendant does not appear to have a nexus with the Southern District of Florida.

31.     During placement of the subject insurance policy, communications were made between Ital Brokers and RICL through a chain of producing and placing brokers.  Negotiation of this policy did not take place in Florida.  No representatives of Plaintiff or Grimaldi travelled to Florida in connection with the policy, these claims, or for any other reason connected with RICL or with Redbridge Group.  See Tasso Declaration ¶¶ 5-7.

32. Other than the presence of Defendant's subsidiary in Florida and RICL's use of the subject bank account in Florida, Plaintiff is not aware of any RICL nexus with this Judicial District.

33. As demonstrated by the attached Declaration, Plaintiff has attempted to locate the Defendant in this Judicial District, but has been unable to locate an agent for service of process or evidence that Defendant is subject to general personal jurisdiction in FL that would subject Defendant to being "found" within the District within the meaning of Rule B.

34. Pursuant to S.D. Fla. Local Admiralty Rule B(1), Defendant RICL cannot be served with a summons and complaint in Florida since it is a Barbados entity with no general agent or registered agent in this District.

35. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of a garnishee within the District including but not limited to FirstBank Florida.

36. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by FirstBank Florida or any other garnishees within the District for the purpose of obtaining security for its claims. Security in the amount of 150% of the total claims are sought (The Supplemental Admiralty Rule authorizes security up to double the claim in suit).

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, funds, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US $2,744,045.48**.  belonging to, due or being transferred to, from, or for the benefit of the Defendant REDBRIDGE GROUP INSURANCE COMPANY LTD including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of FIRSTBANK FLORIDA  or any banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

C. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

D. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April <u>26</u>, 2024

                                     Attorneys for the Plaintiff,

<u>/s/ Andrew R. Spector</u>
Andrew R. Spector
Spector Rubin, P.A.
3250 Mary Street
Suite 405
Miami, FL 33133
Phone: 305-537-2000


<u>/s/ *Thomas L. Tisdale*</u>
Thomas L. Tisdale
Tisdale & Nast Law Offices, LLC
Chrysler Building
405 Lexington Ave., 26th Floor
New York, NY 10174
Tel:    212 354 0025
Fax:   212 869 0067
*ttisdale@tisdale-law.com*
**<u>Pro Hac Vice Pending or to be Pending</u>**

## ATTORNEY'S VERIFICATION

Andrew Spector, an attorney duly authorized to practice before this Honorable Court, under the penalty of perjury of the laws of the United States, declares as follows:

1. My name is Andrew Spector.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney at Spector Rubin, P.A. and along with Tisdale & Nast Law Offices, LLC, we are attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff. I also conferred with Tisdale & Nast Law Offices, LLC before filing this Verified Complaint.

7. I am authorized to make this Verification on behalf of the Plaintiff.

The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: April 26, 2024

_____
Andrew Spector