UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21614-BLOOM/Elfenbein

ITAL BROKERS S.P.A.,

    Plaintiff,

v.

REDBRIDGE INSURANCE
COMPANY LTD.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION FOR LEAVE TO TAKE JURISDICITONAL DISCOVERY**

**THIS CAUSE** is before the Court upon two Motions. (1) Defendant Redbridge Insurance Company Ltd.'s ("Redbridge Insurance") Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"), ECF No. [23]; Plaintiff Ital Brokers S.P.A. filed a response in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction ("Response"), ECF No. [34]; Defendant filed a Reply, ECF No. [35]. (2) Plaintiff's Motion for Leave to Take Jurisdictional Discovery ("Motion for Jurisdictional Discovery"), ECF No. [32]; Defendant filed a response in an Opposition to Plaintiff's Motion for Leave to Take Jurisdictional Discovery ("Response"), ECF No. [36]; and Plaintiff filed a Reply, ECF No. [37]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Dismiss is denied without prejudice, and Plaintiff's Motion for Jurisdictional Discovery is granted.

**I.   BACKGROUND**

This matter is an action for a maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure. The dispute "arises out of [Defendant's] breach of a marine hull and machinery insurance policy evidenced by Cover Note GRIM/AF/BC/2021[.]" ECF No. [1] at ¶ 10. Plaintiff intends to bring a breach of contract suit against Defendant in Norway "as soon as security is obtained." *Id.* at ¶ 20. In anticipation of the lawsuit, "Plaintiff's Italian counsel requested [Defendant's] broker to issue the details of the bank account 'that received premiums and issued indemnities under the Cover Note' on behalf of [Defendant] in order to ascertain the final destination of the premium funds[.]" *Id.* at ¶ 21. The broker stated that Defendant had a bank account that received premiums and issued indemnities at "FirstBank Florida, 9795 South Dixie Hwy, Miami, FL 33156 in the name of the Redbridge Group, LLC." *Id.* Based on the information provided by Defendant's broker, "Plaintiff believes that funds are being held for the benefit of [Defendant] at FirstBank Florida" (the "Garnishee"), and therefore, "property belonging to Defendant [is] in this District." *Id.* at ¶¶ 22, 27.

Accordingly, on April 29, 2024, Plaintiff, in its "role as brokers and agents for their insured, the Grimaldi Group[,] and as trustee of any other third party with an interest in the outcome of the dispute" filed a Motion for Writ of Maritime Attachment and Garnishment seeking to garnish Defendant's property purportedly located at FirstBank Florida. ECF Nos. [1] at ¶ 10, [7]. The Court granted Plaintiff's Motion for Writ and entered an Ex Parte Order of Maritime Attachment and Garnishment on Garnishee for "all funds deposits, credits, security, accounts, letters of credit, bills of lading, monies, freights, sub-freights, charter hire, sub-charter hire or any other funds or property, tangible or intangible . . . up to the amount of US $2,744,045.48 belonging to, due or being transferred to, from or for the benefit of the Defendant[.]" ECF No. [11]. Garnishee filed its Answer to the Writ of Garnishment on June 4, 2024, wherein it stated "at the time of its Answer and at all times in between service of the Writ and its Answer, [Garnishee's] records do not reflect

2

any accounts subject to the Writ," and "Garnishee has no other deposits, accounts, or tangible or intangible personal property of Defendant in its possession at the time of this Answer." ECF No. [16].

Given Garnishee's Answer to the Writ of Garnishment, Defendant filed its instant Motion to Dismiss. *See* ECF No. [23]. Defendant argues that the Court lacks jurisdiction over it because Garnishee's Answer shows Defendant has no property in the District, and therefore, the Court has no authority over Defendant given that "[i]n a Rule B proceeding, the res is the only means by which a court can obtain jurisdiction over the defendant." *Id.* at 3 (quoting *DS-Rendite Fonds NR 108 v. Essar Captial Americas Inc.*, 882 F.3d 44, 48 (2d Cir. 2018) (additional level of citation and quotations omitted)). Furthermore, Defendant contends Plaintiff lacks standing because Plaintiff is bringing this action under the wrong cover note, and even if Plaintiff had relied on the proper cover note, Plaintiff has no rights under the operative note. *See id.* at 4-5.

Plaintiff responds it has proffered strong evidence that Defendant has property at FirstBank Florida, and thus, there is a dispute over a crucial jurisdictional fact that warrants jurisdictional discovery before the Court decides Defendant's Motion to Dismiss. *See* ECF No. [34] at 3. Furthermore, Plaintiff provides the following three reasons for the Court to reject Defendant's lack of standing argument: "1) A factual dispute about which cover note evidences the insurance policy does not implicate standing, 2) Grimaldi has submitted a declaration which removes any perceived doubt about Plaintiff pursuing this Action, and 3) Plaintiff has suffered direct financial harm by paying multiple indemnities owed by Defendant RICL to Grimaldi." *Id.* at 8. Accordingly, Plaintiff asserts Defendant's Motion should be denied on both jurisdictional grounds. *See id.* at 11.

Plaintiff has also filed a Motion for Jurisdictional Discovery. ECF No. [32]. Plaintiff makes essentially the same argument in its Motion for Jurisdictional Discovery as it did in its opposition

to Defendant's Motion to Dismiss. Plaintiff contends that there is a crucial dispute as to whether Garnishee is in possession of any of Defendant's property. *See id.* at 2. Given that neither Defendant nor Garnishee have provided any evidence beyond a "threadbare denial" that Defendant does not have any assets in this jurisdiction, Plaintiff argues it has a right to conduct a full jurisdictional discovery to ascertain whether those assertions are true especially where, as here, Plaintiff has a "strong" factual basis for believing Garnishee is indeed in possession of Defendant's property. *Id.* at 2, 7.

Defendant contends Plaintiff is not entitled to jurisdictional discovery because the account Plaintiff seeks to subject to the Writ of Garnishment does not belong to Defendant Redbridge Insurance but rather the Redbridge Group. ECF No. [36] at 2-3. Therefore, even assuming Plaintiff's allegations regarding the source of the funds in the account are true, Garnishee still is not in possession of any accounts subject to the Writ because Defendant is not a customer, and a "bank's only obligation is to freeze any accounts held by its customer." *Id.* at 3. *See id.* Accordingly, given Garnishee's response that it has no other accounts or property subject to the Writ, there is no need to conduct jurisdictional discovery before dismissing this Rule B action.

## II. LEGAL STANDARD

### A. *Quasi-in-Rem* Jurisdiction in Supplemental Rule B Actions

Supplemental Rules B is a "procedural device[] afforded to plaintiffs in order to secure a prejudgment writ of attachment over a defendant's piece of property[.]" *Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1233, 1238 (11th Cir. 2006). "Rule B attachments are known as 'quasi-in-rem' proceedings,[1] because they are not actions directly against the *res* as a fictitious

---

[1] "Although Rule B states that it applies to 'an *in personam* action,' Fed. R. Civ. P. Supp. R. B(1), a maritime *in personam* claim is more appropriately styled a *quasi in rem* action." *DS-Rendite Fonds Nr. 108 VLCC Ashna GMBH & Co Tankschiff KG v. Essar Cap. Americas Inc.*, 882 F.3d 44, 47 (2d Cir. 2018); *see* Peter Friedenberg, *The Use of Maritime Attachment as a Jurisdictional Device*, 12 CORNELL INT'L L.J. 329, 332

person, as is the case in *in rem* actions, but are actions against a party who is not personally present in the district but whose property is present." *World Wide Supply OU v. Quail Cruises Ship Management*, 802 F.3d 1255, 1259-60 (11th Cir. 2015).[2] "Supplemental Rule B attachment has the dual purpose of obtaining security for the satisfaction of a judgment as well as obtaining personal jurisdiction over a defendant." *Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.*, 169 F. Supp. 2d 1341, 1351 (M.D. Fla. 2001) (citing *Swift & Co. Packers v. Compania Colombiana Del Caribe*, 339 U.S. 684, 693 (1950); *Venus Lines v. CVG Industria. Venezolana De Aluminio*, 210 F.3d 1309, 1312 (11th Cir. 2000)). "Under Supplemental Rule B, *in personam* jurisdiction over the defendant is obtained by compelling its appearance through attachment of its goods and chattels, or credits and effects." *Id.* (italics added) (quoting *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 629 (9th Cir. 1982)); *see also Ultra Deep Picasso Ltd. v. Dynamic Industries Saudi Arabia Ltd.*, Case No. 4:21-cv-03891, 2023 WL 4275503, at *3 (S.D. May 18, 2023).

"Rule B [ ] requires, as a precondition to its application, that the defendant not be present in the district, but that the defendant's property must be present there. Process is then served on the person in possession of the property, who becomes the garnishee." *World Wide Supply OU*, 802 F.3d at 1262 (citing Fed. R. Civ. P. B(1)(a)). The garnishee is then required to serve an answer

---

(1979) ("It should be emphasized that, despite the language in Rule B limiting its scope to claims brought *in personam*, the Rule is in fact a classic example of *quasi in rem* jurisdiction." (internal quotation marks omitted)).

[2] Rule B states in relevant part:
    (1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an in personam action:
    (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.
Fed. R. Civ. P. Supp. B (emphasis added).

to the writ and provide an answer to any interrogatories served with the complaint. *See* Fed. R. Civ. P. B(3)(a). "If the garnishee admits any debts, credits, or effects, they shall be held in the garnishee's hands or paid into the registry of the court, and shall be held in either case subject to the further order of the court." *Id.* Alternatively, if the defendant does not have property in the district, the court must dissolve the writ and dismiss the case for lack of jurisdiction. *See World Wide Supply OU*, 802 F.3d at 1262; *Essar Cap. Americas Inc.*, 882 F.3d at 47; *Artic Ocean Intern., Ltd. v. High Seas Shipping Ltd.*, 622 F. Supp. 2d 46, 52 (S.D.N.Y. 2009) (citing *Blueye Navigation, Inc. v. Oltenia Navigation, Inc.*, Nos. 94 Civ. 1500, 94 Civ. 2653, 1995 WL 66654, at *4. (S.D.N.Y. Feb. 17, 1995) ("No *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached… [if] no property [is] attached in the first instance, then no jurisdiction [is] ever obtained under Supplemental Rule B.")); *see also World Fuel Servs. Erurope, Ltd. v. Thoresen Shipping Singapore Priv. Ltd.*, 155 F. Supp. 3d 1226, 1230 (S.D. Ala. 2015) ("A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction.") (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999)).

"When a defendant challenges the validity of a Rule B attachment, the burden is on the plaintiff to prove there was reasonable grounds for issuing the writ." *Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1311 (S.D. Fla. 2001) (citing *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3rd Cir. 1989)). "The court's inquiry must focus on the facts known at the time of the attachment." *Id.* (*citing Western Bulk Carriers (Australia), Pty. Ltd. v. P.S. Intern., Ltd.*, 762 F. Supp. 1302, 1307 (S.D. Ohio 1991)).

**B. Jurisdictional Discovery**

In all cases, a district court may "order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Florida, Inc. v. Airborne Insurance Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018). However, a district court's discretion to deny

such discovery is limited as plaintiffs have a "qualified right to conduct jurisdictional discovery." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n. 7 (11th Cir. 1999); *see Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009) ("A qualified right to conduct jurisdictional discovery is recognized in the Eleventh Circuit") (citing *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("jurisdictional discovery is not entirely discretionary")). "Jurisdictional discovery is appropriate when there is a dispute about the 'facts that would support the plaintiff's allegations of jurisdiction." *Aviation One of Florida, Inc.*, 722 F. App'x at 878 (quoting *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)). Still, even if there is a dispute of over jurisdiction, a district court does not abuse its discretion by dismissing an action for lack of personal jurisdiction even before jurisdictional discovery occurs so long as there is no genuine and material jurisdictional fact in dispute. *See Bernardele*, 608 F. Supp. at 1321 ("jurisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction[,]" however, any "contradictions must be sufficiently material to warrant jurisdictional discovery or an evidentiary hearing.") (citing *Laux v. Carnival Corp.*, 470 F. Supp. 2d 1379, 1383 (S.D. Fla. 2007)); *see Sizemore v. Zhao*, 686 F. Supp. 3d 1262, 1265 (S.D. Fla. 2023) ("On the other hand, 'plaintiffs only have a right to jurisdictional discovery if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation.'") (quoting *Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020)). Nevertheless, "a court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011). Accordingly, when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute . . . a district court abuses its discretion if it completely denies a party

jurisdictional discovery…unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340–41 (11th Cir. 2017).

## III.   DISCUSSION

### A. Motion for Jurisdictional Discovery

Because the grant or denial of Plaintiff's Motion for Jurisdictional Discovery will largely dictate the outcome of Defendant's Motion to Dismiss, the Court will address the Motion for Jurisdictional Discovery first.

Plaintiff argues it has a strong basis for believing Defendant's property is located in the District because it received "instructions [from] Defendant [ ] to send premium funds due and owing to [Defendant] to a bank account held at Firstbank Puerto Rico d/b/a Firstbank Florida ('Firstbank' or 'Garnishee') in this District in the name of Redbridge Group, LLC." ECF No. [32] at 1. Plaintiff argues "it is clear based on the instructions to pay [Defendant]-owed premium into the Redbridge Group, LLC account at FirstBank that, at some point before this action was commenced, Garnishee FirstBank had in its possession property of Defendant." *Id.* at 2. Given Plaintiff's contention that it has put a material jurisdictional fact in dispute, Plaintiff argues that it is entitled to conduct a full jurisdictional discovery to develop facts to determine whether there was "any property in the hands of the Garnishee after service of the writ of attachment and from [Defendant] as to the existence of any other property in this District." *Id.* Plaintiff maintains its discovery demands will be limited and concern only "whether [Defendant] has or had property in this Judicial District after the commencement of the Action." ECF No. [32] at 7.

Defendant argues Plaintiff is not entitled to jurisdictional discovery given that "Firstbank answered the writ [and its interrogatories] by stating that it did not have any accounts subject to the writ." ECF No. [36] at 3. Defendant acknowledges that the "purported reason for serving a

8

garnishment on the Firstbank account maintained by REDBRIDGE GROUP was that Plaintiff was informed that when the cover note was taken out in the year 2021 that instructions were received to remit the premium payment on that account." *Id.* at 2. However, Defendant asserts that banks generally have no obligation to determine if the money in a customer's account is owed a third party, given that at any point in time, "a bank customer may owe monies to multiple persons or entities." *Id.* at 3. Therefore, additional jurisdictional discovery is superfluous because even if Redbridge Group is holding money owed to Redbridge Insurance, "the service of a garnishment writ on Firstbank would not have been the correct procedural vehicle to attach that indebtedness" since a bank subject to a writ of garnishment only has an obligation to freeze the accounts of its customers, not to identify money belonging to a third party. *Id.*

The Court finds it appropriate to allow Plaintiff to conduct jurisdictional discovery before deciding whether the Court may exercise personal jurisdiction over Defendant. As the Court outlined above, jurisdictional discovery is "highly favored" where there is genuine dispute as to the Court's jurisdiction. *Exhibit Icons, LLC v. XP Co., LLC*, No. 07-80824-CIV, 2008 WL 616104, at *2 (S.D. Fla. Mar. 3, 2008) ("Eleventh Circuit precedent indicates jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases). Although Garnishee's answers to the Writ of Garnishment and the interrogatories certainly cast doubt on the Court's jurisdiction over Defendant, the question of whether the exercise of jurisdiction is appropriate remains an open question. *See Albus Denizcilik Ltd. Sti v. Progress Bulk Carriers Ltd.*, 15-CV-1256, 2017 WL 10180556, at *4 (E.D.N.Y. Apr. 21, 2017) (noting that "a garnishee's denial that it held any property should not have been taken at face value, but instead should have been treated as raising issues to be determined in conformity with the Federal Rules of Civil Procedure.") (citing

*Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 323 (2d Cir. 1970)). Plaintiff asserts that it had previously been directed by Defendant's broker to wire funds for the benefit of Defendant to the bank account in question at FirstBank Florida in this District. ECF No. [32] at 1. This assertion certainly puts the Court's jurisdiction in dispute.[3] As Defendant points out, the main account in question is the Redbridge Group account and "a bank receiving a garnishment writ has no obligation to contact its customer and find out if that customer may owe monies to a third party." ECF No. [36] at 2-3. Thus, from Garnishee's perspective, any funds in the account appear to belong to the Redbridge Group, not Defendant Redbridge Insurance. Garnishee would not be able to distinguish whether the monies in the Redbridge Group account were being held for the benefit of some other entities, namely, Defendant, without further investigation. Plaintiff could use additional discovery tools, such as depositions and requests for production, to determine whether the funds in the account belong to Defendant Redbridge Insurance.[4] Accordingly, jurisdictional discovery is appropriate to give Plaintiff "ample opportunity [to conduct discovery and] to present evidence

---

[3] Other jurisdictions have found a "plaintiff need only present a 'colorable basis' for jurisdition to obtain discovery." *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 638 (S.D. Cal. 2014) (citing *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010)). Although the Eleventh Circuit has not explicitly adopted that standard, such cases indicate that the threshold needed to obtain jurisdictional discovery is relatively low.

[4] *See Green Reefers AS v. Agricola La Labor S.A.*, No. 07-61828, 2008 WL 4820072, at *2 (S.D. Fla. Nov. 3, 2008) (noting there are no special limitations on discovery in a Rule B action); *see also Albus Denizcilik Ltd Sti*, 2017 WL 24742, at *4 ("Furthermore, the Supplemental Admiralty Rules allow for the application of the Federal Rules of Civil Procedure, including the deployment of the full range of discovery devices, except to the extent inconsistent with the Supplemental Rules. [ ] Neither Rule B nor any other Supplemental Rule precludes further discovery of a garnishee beyond interrogatories.").

bearing on the existence of jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).[5] [6]

### B. Motion to Dismiss for Lack of Jurisdiction

As discussed, Defendant argues in a Rule B action, "[i]f a Plaintiff is not able to successfully attach the defendant's property under Rule B, the district court lacks jurisdiction over the Defendant." ECF No. [23] at 3 (quoting *DS-Rendite Fonds NR 108*, 882 F.3d at 48). Accordingly, a district court lacks jurisdiction "when the garnishee does not owe a debt to the Defendant at the time the order is served." *Id.* Thus, because "Firstbank answered the garnishment writ by stating that it does not have any accounts subject to the writ…this Court lacks jurisdiction over Defendant." *Id.* at 4.

Defendant also contends Plaintiff lacks standing to bring this case. According to Defendant, Plaintiff "is not suing on the actual cover note issued by [Defendant] but instead on a materially different document that was never signed or executed by [Defendant]." *Id.* Moreover, the "actual cover note" Defendant executed "does not mention [Plaintiff] and confers no rights

---

[5] Although the Court recognizes that it is also possible that any funds sent to the Redbridge Group account for the benefit of Redbridge Insurance have since been moved from that account in the past three years, the Court's exercise of jurisdiction should not be based on assumptions or speculation about where Defendant's property is located.

[6] Although there was a significant gap between the issuance of the Writ of Garnishment and Plaintiff's filing of the Motion for Jurisdictional Discovery, the Motion was made before the Court ruled on the Motion to Dismiss. Thus, the Court does not believe the Motion for Jurisdictional Discovery was unduly delayed. *See Commercial Indus. Americana v. Academy Roofing & Sheet Metal of Fla., Inc.*, No. 11-60774-CIV-ZLOCH, 2012 WL 13005796, *1 (S.D. Fla. Mar. 29, 2012) ("The Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed."); *Pearson v. Deutshe Bank AG*, Case No. 21-cv-22437-BLOOM, 2022 WL 19296805, at *3 (S.D. Fla. Feb. 23, 2022) ("Plaintiffs served their jurisdictional discovery shortly after Foreign Defendants filed their Motion to Dismiss. Courts within the Eleventh Circuit often allow limited jurisdictional discovery under these circumstances.") (citing *ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir. 2017)).

upon it." *Id.* at 5. Therefore, since there is no evidence that the Grimaldi Group (a named party to the insurance contract) has conferred the right to sue onto Plaintiff, Plaintiff lacks standing to bring the instant Rule B action. *Id.*

Regarding the absence of property in the District, Plaintiff responds that Garnishee FirstBank's "denial that it has any accounts or property subject to the process of maritime attachment and garnishment is not the end of the story because Plaintiff has strong evidence that there was (and likely still is) property due and owing to [Defendant] in the hands of First Bank." ECF No. [34] at 2. Specifically, Plaintiff pled in the Verified Complaint that "Defendant directed Plaintiff to send insurance premium payments to the bank account of Redbridge Group, LLC held at FirstBank in this Judicial District." *Id.* at 3. Although "Defendant and Garnishee deny that any accounts or assets subject to the writ of garnishment are located in this District," Plaintiff maintains they have failed to provide any further explanation or detail to support that assertion. *Id.* at 3. Plaintiff therefore argues there exists a fundamental dispute over a crucial "jurisdictional fact necessary to resolve Defendant's Motion." *Id.* Consequently, Plaintiff must first have an opportunity to conduct jurisdictional discovery before the Court may dismiss this case. *Id.*

Plaintiff also contends it has standing. Regarding the argument that Plaintiff sued on the wrong cover note, Plaintiff contends Defendant's assertion is incorrect because Plaintiff did not sue on a cover note but rather, the "Rule B attachment action [arose from] non-payment of insurance claims under an insurance policy." ECF No. [34] at 8. Plaintiff points out that there is an insurance policy with Defendant and that Plaintiff sued under the correct policy as evidenced by payments Defendant made pursuant to the insurance policy. *See id.* at 9. However, even assuming Defendant signed a different cover note, Plaintiff argues that the purportedly incorrect cover note still relates to the same marine insurance policy. *Id.* at 9. Even if suing under the correct

cover note is a dispositive jurisdictional issue, Plaintiff maintains that, at worst, resolution of the issue would require jurisdictional discovery, not outright dismissal of the case. *See id.* at 9.

Plaintiff argues it is also authorized to bring an action under the insurance policy. *Id.* Plaintiff points to its assertion in the Verified Complaint that it "is 'duly authorized to bring this Action,'. . . on behalf of and as trustee for other entities which have an interest in the proceedings, and is the real party in interest." *Id.* at 9-10. However, to eliminate any uncertainty about Plaintiff's authority, Plaintiff "submitted a Declaration from Grimaldi which confirms that Plaintiff is [ ] authorized" to bring the instant action. ECF No. [34] at 10.

Furthermore, Plaintiff maintains that it has been personally injured by Defendant's "failure to pay" claims because it has had to personally pay those claims out of its own pocket. ECF No. [34] at 10. Therefore, regardless of whether any other injured party has assigned the right to Plaintiff to bring this action, Plaintiff has its own independent basis to assert claims against Defendant. *See id.*

As noted above, the Court finds it appropriate to allow Plaintiff an opportunity to conduct jurisdictional discovery to determine whether Garnishee is in possession of Defendant's property. Therefore, because the Court is unable to determine whether Defendant has any property in the District until after the jurisdictional discovery, the Court cannot decide whether it has personal jurisdiction over Defendant. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Exhibit Icons, LLC*, 2008 WL 616104 at *2 ("[J]urisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction."). Accordingly, Defendant's first ground for dismissal is denied.

Defendant's second argument for dismissal also fails. As Plaintiff correctly points out, the underlying action does not arise from a violation of a cover note but rather Defendant's purported

13

breach of an insurance contract. *See* ECF No. [1] (alleging that "the claim for which security is sought arises out of a marine insurance policy[.]"). Furthermore, not only does Plaintiff allege it was personally injured by Defendant's alleged breach of the contract, Grimaldi Group, a party to the insurance contract, delegated its authority to sue Defendant under the contract. *See* ECF No. [35]. Defendant no longer disputes that fact. *See* ECF Nos. [35], [37]. As such, Plaintiff has standing to bring the instant Rule B action. Given that Plaintiff has standing to bring this action and the issue of the Court's jurisdiction remains unresolved, the Court denies Defendant's Motion to Dismiss without prejudice and will permit Defendant to reassert its arguments following the close of jurisdictional discovery.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, **ECF No. [23]**, is **DENIED without prejudice**.

2. Defendant may file a renewed motion to dismiss within **ten (10) days** of the close of jurisdictional discovery.

3. Plaintiff's Motion for Jurisdictional Discovery, **ECF No. [32]**, is **GRANTED**.

4. This case is STAYED for **sixty (60) days** to allow the parties to conduct jurisdictional discovery.

5. The parties may utilize all discovery tools; however, the scope of discovery will be limited to determining whether any of Defendant's property was in Garnishee's possession any time between the execution of the Writ of Garnishment and when Garnishee filed its answer to the Writ and interrogatories.

Case No. 24-cv-21614-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 25, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record